# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE R. WEDDERBURN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:19-cv-215-PX |
| BALTIMORE COUNTY PUBLIC SCHOOLS, *et al.*, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Pending before the Court is pro se Plaintiff Michelle Wedderburn's motion for an *ex parte* temporary restraining order. ECF No. 3. For the reasons discussed below, the Court DENIES Plaintiff's motion.

On January 23, 2019, Plaintiff filed a complaint alleging that her employer, Baltimore County Public Schools ("BCPS"), and its Equal Employment Opportunity Officer, Assata Peterson, retaliated against her for requesting accommodations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* ECF No. 1 at 4. That same day, Plaintiff moved for an *ex parte* temporary restraining order compelling BCPS to not terminate Plaintiff on February 4, 2019, and otherwise provide Plaintiff employment that reasonably accommodates her disabilities. ECF No. 3 at 5; ECF No. 1-10 at 1. Plaintiff did not file any summons with her Complaint, nor did she aver that she attempted to notify Defendants of this action. Rather, Plaintiff argues that "[b]ecause this is a request for an Ex Parte TRO notice is not required." ECF No. 3 at 1. Plaintiff misunderstands the law in this regard.

A temporary restraining order may issue "so long as the opposing party is given a reasonable opportunity, commensurate with the scarcity of time under the circumstances, to

prepare a defense and advance reasons why the injunction should not issue." *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006) (quoting *Ciena Corp. v. Jarrard*, 203 F.3d 312, 319 (4th Cir. 2000)). A temporary restraining order may issue *ex parte*—that is without giving the defendant notice and an opportunity to be heard—only if plaintiff (1) "certifies in writing any efforts made to give notice and the reasons why it should not be required" *and* (2) puts forward "specific facts in an affidavit or verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).[1] "The requirements of Rule 65(b)(1) are not merely technical niceties that a court may easily disregard, but rather crucial safeguards of due process." *Parker*, 2015 WL 7751664, at *2 (quoting *Tchienkou v. Net Trust Mortg.*, No. 3:10-CV-00023, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010)).

Plaintiff has not certified that she has made any attempt to provide Defendants notice of this motion. The Court recognizes that Plaintiff expects to be terminated by February 4, 2019, roughly ten days from today. Plaintiff thus appears to have sufficient time to notify Defendants that she is filing the motion, allowing Defendants an opportunity to be heard. Accordingly, the Court cannot find that *ex parte* injunctive relief is warranted. The motion must be denied.

If Plaintiff wishes to have an *ex parte* motion considered, she must comply with the requirements of Federal Rule of Civil Procedure 65(b)(1). Alternatively, she may file a new motion and provide proper notice to the adverse parties. *See* Fed. R. Civ. P. 65(a)(1).[2] A

---

[1] Federal Rule of Civil Procedure 65 provides that "the movant's attorney" must make the certification. *Id.* However, courts have extended this certification requirement to pro se movants. *Parker v. Am. Brokers Conduit*, No. JKB-15-3652, 2015 WL 7751664, at *2 (D. Md. Dec. 1, 2015).

[2] The Court invites the parties to address whether Plaintiff is likely to succeed on the merits of her underlying ADA claim having not first administratively exhausted the claim, or whether such exhaustion may be excused. Additionally, the parties should address whether Plaintiff will be *irreparably* harmed absent the injunction or whether such harm can be compensated with a monetary award after litigating the claims on the merits.

separate Order follows.

January 24, 2019_____           \_\_\_/S/_____
Date                                                  Paula Xinis
                                                      United States District Judge